NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARREL L. ESPINOSA, | No. 15-17309 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02829-MCE-EFB |
| v. | |
| WHITEPAGES, INC., a Delaware corporation, DBA whitepages.com | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Darrel L. Espinosa appeals pro se from the district court's judgment

dismissing his diversity action alleging state law claims arising out of the listing of

his personal information on an online directory.  We review de novo a dismissal

under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, *Barren v.*

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and for an abuse of discretion a dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). We affirm.

The district court properly dismissed Espinosa's California Civil Code § 3344 claim for failure to state a claim and as frivolous because Espinosa failed to allege facts sufficient to show a direct connection between Whitepages, Inc.'s use of his name and a commercial purpose. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1001 (9th Cir. 2001) (setting forth elements of claim under Cal. Civ. Code § 3344, and requirement that plaintiff allege a "direct connection between the alleged use and the commercial purpose"); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (complaint is frivolous where it lacks an arguable basis either in law or in fact).

The district court properly dismissed Espinosa's privacy claim for failure to state a claim and as frivolous because Espinosa failed to allege facts sufficient to show that publishing his name and contact information online was "sufficiently serious in [its] nature, scope, and actual or potential impact to constitute an egregious breach of . . . social norms . . . ." *Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 655 (Cal. 1994); *see also Neitzke*, 490 U.S. at 325 (frivolousness

2                                                                                    15-17309

standard).

The district court did not abuse its discretion in declining to grant Espinosa leave to file a third amended complaint because further amendment would have been futile. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . . .").

In light of our disposition, we do not reach Espinosa's contentions challenging the vexatious litigant order entered in a different case.

We do not consider arguments not specifically and distinctly raised and argued in the opening brief, or matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Espinosa's motion to augment the record (Docket Entry No. 18) is denied.

**AFFIRMED.**